IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2006

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

STEVEN F. JOHNSON,
    Plaintiff,

v.

CSX TRANSPORTATION, INC.
    Defendant

)
)
)    Civil Action No. 7:06-cv-00130
)
)
)    **MEMORANDUM OPINION**
)
)
)
)    By: Hon. James C. Turk
)    Senior United States District Court Judge

Plaintiff Steven F. Johnson filed an action in this court seeking, *inter alia*, damages pursuant to the Federal Employers' Liability Act, ch. 149, § 1, 35 Stat. 65 (1908) (current version at 45 U.S.C. § 51), and the Locomotive Inspection Act, Pub. L. No. 103-272, § 1(e), 108 Stat. 885 (1994) (codified at 49 U.S.C. § 20701). By pre-answer motion, Defendant CSX Transportation ("CSX") has asked this court to dismiss or transfer the action for want of proper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406, or, in the alternative, to transfer the action to the United States District Court for the Northern District of Alabama, Southern Division.

Having considered Defendant's motion, together with the briefs and arguments of both parties, the court concludes that while dismissal for want of venue is not warranted, for the convenience of parties and witnesses, in the interest of justice, this case should be transferred to the Southern Division of the United States District Court for the Northern District of Alabama.

I.

1

Plaintiff alleges that he was physically injured during an incident involving a rail car that occurred while Plaintiff was working for Defendant on a railroad work crew in Shelby County, Alabama on April 15, 2004. Several persons were involved in the events that took place that day, including Plaintiff, at least four other employees of Defendant, and paramedics who initially responded to the events. Two of these witnesses currently live in the Northern District of Alabama.

Plaintiff and his wife currently reside in the Western District of Virginia. Both of Plaintiff's doctors live in this district, and four of the six facilities at which Plaintiff claims to have received treatment for his injuries are located in this district. Defendant does business in both the Western District of Virginia and the Northern District of Alabama.

## II.

The defendant asks this court to dismiss or transfer the action for want of proper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406. The plaintiff has the burden to establish that venue is proper. Bartholomew v. Va. Chiropractors Ass'n, Inc., 612 F.2d 812, 816 (4th Cir. 1979), overruled on other grounds by Ratino v. Med. Serv. Of D.C., 718 F.2d 1260 (4th Cir. 1983). With respect to FELA actions, 45 U.S.C. § 56 "defines the proper forum." Ex parte Collett, 337 U.S. 55, 60 (1949). Section 56 allows an action to be brought "in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." The defendant does not dispute that it does business in the Western District of Virginia; this district is therefore a proper forum under the statute. Because venue is not improper, dismissal is not warranted.

Furthermore, 28 U.S.C. § 1406 governs transfer of cases "laying venue in the wrong

2

division or district." As discussed *supra*, the Western District of Virginia is not a "wrong" venue. Section 1406 is therefore not the proper vehicle for transfer of this case.

## III.

Section 1404(a) of title 28, however, permits this court to transfer the case, even though venue may be proper, "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." The action might have been brought in the Northern District of Alabama because "the cause of action arose" there. 45 U.S.C. § 56. Courts deciding motions under § 1404(a) are guided by the factors cited by the Supreme Court as relevant to *forum non conveniens* determinations. Terry v. Walker, 369 F. Supp. 2d 818, 822 (W.D. Va. 2005). These factors include:

> (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses; (4) the cost of obtaining attendance of willing witnesses; (5) the possibility of viewing premises, if applicable; (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) factors of public interest, including the relative congestion of court dockets and a preference for holding a trial in the community most affected.

Id. (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09 (1947)). Whether to transfer is a matter for the court's discretion, and the "defendants bear the burden of proving that convenience and justice are strongly in favor of transfer to another forum." Terry, 369 F. Supp. 2d at 822.

### A) Plaintiff's Choice of Forum

The first factor, Plaintiff's choice of forum, must be given substantial weight. Id.; See

3

also Gulf Oil, 330 U.S. at 509. Although transfers of FELA actions are governed by 28 U.S.C. § 1404(a), the same statute that governs the transfer of other actions, Norwood v. Kirkpatrick, 349 U.S. 29, 38 (1955); Ex parte Collett, 337 U.S. 55, 60 (1949), the existence of a special venue statute for FELA actions, 45 U.S.C. § 56, suggests that Congress intended for Plaintiff's choice of forum in FELA cases to carry particularly strong weight. See Terry, 369 F. Supp. 2d at 822. However, the Western District of Virginia was not Plaintiff's first choice. Plaintiff originally commenced this action in Cabell County, West Virginia, more than 200 miles from this court. That Plaintiff's initial choice of forum was a location distant from this court militates against the weight normally accorded a plaintiff's forum choice.

### B) The Relative Ease of Access to Sources of Proof

Plaintiff, his two treating physicians, his wife, and four of the six medical facilities at which he was treated are located in the Western District of Virginia. Two identified fact witnesses are located in the Northern District of Alabama, and others, such as the paramedics who initially responded on the scene, are probably located in Alabama. Those fact witnesses who live in Alabama will probably have an easier time appearing in proceedings conducted in their home state and district, and Plaintiff's initial choice of forum over 200 miles away suggests that traveling for litigation does not pose a significant hardship for him or his wife.

The other identified witnesses located outside of Alabama, other than Plaintiff's two physicians, are employees of Defendant, and Defendant itself will likely be a substantial source of documentary evidence. Defendant has indicated that the Northern District of Alabama will be a more convenient district in which to provide access to these sources of proof.

The railcar involved in the events detailed by Plaintiff operates in several states, and its

4

current location is unknown. However, according to Plaintiff, it was present in the Northern District of Alabama once before, suggesting that it is capable of a return.

The sources of evidence that the parties have identified at this early stage in the litigation may not be exhaustive. Because the injuries and events giving rise thereto occurred in the Northern District of Alabama, if any further evidence develops, it is more likely to be found in that district than in the Western District of Virginia.

In light of the foregoing, this court concludes that access to sources of proof will probably be easier if this case is heard in the Northern District of Alabama rather than the Western District of Virginia.

### C) The Availability of Compulsory Process for the Attendance of Unwilling Witnesses

Of those identified, potential unwilling witnesses in the Northern District of Alabama include two fact witnesses, and those paramedics who attended the scene initially. In the Western District of Virginia, potential unwilling witnesses include the Plaintiff's two physicians. The number of potentially unwilling witnesses in the Northern District of Alabama is therefore greater. Moreover, plaintiff's initial filing more than 200 miles away from this court suggests that plaintiff does not expect his witnesses to be unwilling to appear in other jurisdictions. Furthermore, as discussed *supra*, if any additional witnesses become known, they are more likely to be found in the Northern District of Alabama, where the events in question occurred, rather than in the Western District of Virginia.

Because district courts generally may employ the compulsory process to secure the attendance of those within or near their respective districts, See Fed. R. Civ. P. 45(c), this court finds that the compulsory process is more readily available to the District Court of the Northern

District of Alabama than it is to this court with respect to potential witnesses in this case.

### D) Cost of Obtaining Attendance of Willing Witnesses

As discussed *supra*, a greater number of witnesses are likely to be found in the Northern District of Alabama than in the Western District of Virginia. Of those witnesses identified who live in neither district, two live closer to Alabama, and one lives closer to Virginia. Many witnesses are Defendant's employees, and Defendant has indicated that attendance in the Northern District of Alabama would be a lesser inconvenience. Moreover, if other witnesses become known, they are more likely to be found in the Northern District of Alabama, where the injury is alleged to have occurred, than in the Western District of Virginia.

This court finds that the cost of obtaining the attendance of willing witnesses will probably be smaller if the action is transferred to the Northern District of Alabama.

### E) The Possibility of Viewing the Premises

At this stage in the litigation it is too early to determine whether a view of the premises is necessary or appropriate. Because the location of the events in question is in the Northern District of Alabama, should a view become necessary, it would be easier to accomplish were the proceedings held in that district.

This court finds that the ease of obtaining a view of the premises would be greater in the Northern District of Alabama.

### F) All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The litigation is in a relatively early stage, and a number of unknown practical issues have the potential to arise. Because the location of the events in question occurred, and the balance of identified witnesses live in the Northern District of Alabama, this court finds that a court sitting

6

Case 7:06-cv-00130-JCT   Document 19   Filed 07/18/06   Page 6 of 8   Pageid#: 81

in that district would probably be in a better position than this court to address those issues.

G) Factors of Public Interest, Including the Relative Congestion of Court Dockets and a Preference for Holding a Trial in the Community Most Affected

While the defendant has provided no indication of the relative congestion of the dockets of the Northern District of Alabama compared to those of the Western District of Virginia, on balance, the community associated with the Northern District of Alabama is probably the community most affected by this action. While the Plaintiff is a resident of the Western District of Virginia and his home community certainly has an interest in seeing justice done, the action concerns the working conditions in the Northern District of Alabama. The cause of action specifically focuses on the safety of the rail cars present in, and moving through the Northern District of Alabama. The list of identified witnesses suggest that many directly involved in the events in question live and work in the Northern District of Alabama. On balance, this court finds that the community of the Northern District of Alabama is more closely connected with the occurrences of April 15, 2004 and this litigation than is the community of the Western District of Virginia.

Although Plaintiff filed his complaint in this court, the circumstances of this case, viewed with an eye toward serving the interests of convenience and justice, counsel strongly in favor of transfer to the Northern District of Alabama. For the convenience of the parties and witnesses, in the interest of justice, the court will grant Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a).

### IV.

For the reasons stated above, the court grants Defendant's motion to transfer.

**ENTER:** This 18th day of July, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE